REQUESTED BY: Senator Rex Haberman State Capitol, Room 1114 Lincoln, NE 68509
Dear Senator Haberman:
You have requested an opinion from our office concerning the authority of the Board of Educational Lands and Funds to pay interest on bonus money paid for leases, or to prorate the bonus over the term of the lease. It is our understanding that at present a person bidding on a lease must pay the entire bonus at the time of the sale of the lease at auction. Neb.Rev.Stat. § 72-233.01 (Reissue 1981) provides in part that:
 In order for any person to be eligible to bid on a school land lease, he must file a bank draft, certified check or cash for each lease with the county treasurer of the county in which the land is located prior to the sale, payable to the Board of Educational Lands and Funds, equivalent to rent of the first year of the lease on each parcel or tract on which he contemplates bidding. . . The deposit of the acceptable bidder shall be applied either on the bonus bid or the rent for the first year. If the accepted bidder fails to pay either the bonus bid or rent for the first year of the lease, he shall forfeit the amount of the deposit and the Board of Educational Lands and Funds shall resubmit the land for bids and a new lease.
Similarly, Neb.Rev.Stat. §§ 72-308 and 72-309 provide for bids and bonus regarding leases of mineral rights; and Neb.Rev.Stat. §§ 72-901 and 72-902 involve oil and gas leases and the manner in which these leases are awarded based upon the amount of bonus.
Your first question is whether or not it would be legal for the Board to pay interest on bonus money, due to the fact that the bonus is collected in advance for the term of the lease. Implicit in your question is an assumption that bonus may be treated as a part of the yearly rental due the Board. However, the statutes previously referred to appear to treat bonus separate and distinct from the amount of the yearly rental. In essence, the yearly rental is previously established, prior to sale, and bonus is the method by which the lease is awarded to the highest bidder at auction. Accordingly, Neb.Rev.Stat. § 72-233.01 provides that the deposit required to participate in the auction may be applied to either bonus or rent for the first year.
We find no statutory provisions for the Board to pay interest to a lessee on bonus. It is well established that the state holds the public school lands, including the income therefrom, as trustee. As such, it is the duty of the Board to obtain the maximum return for the trust estate from the trust properties under its control. Anderson v. Boardof Educational Lands and Funds, 198 Neb. 793,256 N.W.2d 318 (1977). Given the fact that the fiduciary duty imposed upon the Board requires it to obtain the highest price possible for all trust property, it is our opinion that the Board may not pay interest on bonus to a lessee under present statutes and case law. Id. Rather, the bonus should be considered as the amount paid to acquire the lease.
The second question which you have posed is whether or not it would be legal for the Board to prorate the bonus over the term of the lease. For example, a $12,000 bonus on a 12-year lease might be paid in annual installments of $1,000 each year. We do not find any specific statutory authority for such an arrangement. The applicable standard for administering the school trust is as follows: `It is the duty of the Board of Educational Lands and Funds, in its fiduciary capacity in handling school lands and funds committed to its care, to obtain a maximum return to the trust estate from trust properties under its control, subject to the taking of necessary precautions for the preservation of the trust estate.' State ex rel. Raitt v. Peterson,156 Neb. 678, 57 N.W.2d 280 (1953). The statutes dealing with bidding on leases and the payment of bonus appear to treat the two amounts separately. In State. v. Cooley, 156 Neb. 330,56 N.W.2d 129 (1952), bonus is characterized as being `in addition to the rentals fixed by the lease.' Similarly, in Anderson v. Board of Educational Lands and Funds,supra, the court noted that `After the sale, plaintiff made out and signed an application for a lease, and submitted with it his check in the amount of the first year's rent plus his bonus bid of $10,600.'
It is therefore our conclusion that the present statutes dealing with bonuses and rental for the lease of school land do not authorize the Board either to pay interest on bonus bids or prorate the bonus over the term of the lease.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ruth Anne E. Galter Assistant Attorney General